**SWARTHMORE CLASSICS, Inc. v.
SWARTHMORE JUNIOR.**

Civ. 39–598.

United States District Court
S. D. New York.

Jan. 13, 1949.

Garey & Garey and Joseph F. O'Neill, both of New York City, and Richard B. Malis, of Philadelphia, Pa., for plaintiff.

Charles Sonnenreich, of New York City, for defendant.

RIFKIND, District Judge.

Plaintiff seeks a declaratory judgment that its use of its trademark, "Swarthmore Classics", as applied to women's blouses, does not infringe defendants' United States trademark registration No. 403,345, "Swarthmore Junior" and that the latter trademark registration is invalid and void, and an injunction restraining defendants from claiming that their trademark is infringed by plaintiff's use of its trademark as applied to women's blouses. Jurisdiction is founded on diversity of citizenship.

Defendants seek dismissal of the complaint, and counterclaim for an injunction restraining plaintiff from using "Swarthmore" in connection with ladies apparel, particularly blouses, and for an accounting of all profits plaintiff has made from the manufacture and sale of blouses whereon the mark "Swarthmore Classics" was applied, or in connection wherewith the mark was used.

The issues were tried to the court. The facts I find as follows:

1. Plaintiff is a Pennsylvania corporation, selling, in interstate commerce, women's blouses it manufactures in Philadelphia. It does not sell women's dresses or suits. Plaintiff sells to middlemen and retailers, not to ultimate consumers.

2. Defendants, citizens of New York, having their place of business in New York City, are copartners selling, in interstate commerce, women's suits and dresses they manufacture in New York. They do not sell blouses except as they might form integral parts of suits or dresses. Defendants sell to middlemen and retailers, not to ultimate consumers.

3. The amount in controversy exceeds $3,000.

4. Defendants are registrants of a trademark registered on September 14, 1943, under the Act of March 19, 1920, 41 Stat. 533, in class 39, clothing, which trademark consists of the words "Swarthmore Junior" in script. Registration under the Trade-Mark Act of 1905, 33 Stat. 724, was denied them. They employ the same phrase as a trade name.

5. Defendants and their predecessor have employed the phrase "Swarthmore Junior" since 1941 to designate their business and their products, which have been so labelled and advertised extensively.

6. Plaintiff in good faith and without knowledge of defendants' trademark or trade name incorporated as "Swarthmore Classics, Inc." in April, 1946.

7. Promptly upon learning of plaintiff's existence in May, 1946, defendants notified plaintiff of their trademark and intention to institute proceedings to prevent plaintiff's use of "Swarthmore Classics" as a trademark or name in connection with women's blouses.

8. Plaintiff with equal promptness denied infringement, unfair competition, and defendants' right to exclusive use.

9. Thereafter, plaintiff obtained and used labels, letterheads, and box insignia consisting of a parallelogram with the word "Classics" in a contrasting color, followed by the word "Inc.", the whole surmounted by the word "Swarthmore" and enclosed by a curling thread piercing the eye of a needle, which needle ran through the word "Swarthmore" and the parallelogram with the word "Classics" thereunder.

10. In November, 1947, plaintiff opened an office in 1410 Broadway, New York City, a building adjoining defendants' office at 1400 Broadway, New York City.

11. At least once in July, 1946, once in May, 1947, and twice in January, 1948, mail intended for plaintiff was received by defendants because addressed to defendants or to plaintiff at defendants' address. This misaddressing did not reflect con-

fusion of identity of plaintiff and defendants, but clerical error.

12. It was not proved that any one bought, at wholesale or retail, plaintiff's wares under the misapprehension that they were made by the defendants, or defendants' wares under the misapprehension that they were made by plaintiff.

13. It was not proved that any one attributed both plaintiff's wares and defendants' wares to a common source, identified or unidentified.

14. The word "Swarthmore" is a geographic name of a community near Philadelphia, and also the name of a well-known coeducational college there situated. Neither plaintiff nor defendants use it in its geographic denotation. Both use it for its "young college girl" connotation.

15. The word "Junior" is a trade term descriptive of a woman's garment designed for short figures in a specified size range—9 to 15. It also means a third year college student.

16. The word "Classics" has no special trade meaning.

17. Plaintiff's and defendants' common use of the word "Swarthmore" in their trade names, advertising, and labeling is unlikely to confuse professional buyers.

18. There is no proof that plaintiff's product is in any way inferior or substandard, or priced to sell to a poorer or richer class of consumers than defendants' product.

19. Both plaintiff and defendants sell in the same geographic areas.

20. There is no proof that defendants are likely to sell blouses in the future.

21. Plaintiff's and defendants' wares are bought by common retail purchasers and to some extent by common wholesale purchasers.

22. Their wares are marketed through the same kind of retail channels and sometimes in the same stores.

23. The functions of plaintiff's and defendants' goods are closely related.

24. The trademarks are distinctive and not hackneyed.

25. Plaintiff had used its trademark less than one year prior to the commencement of this action, while defendants had used theirs over five years.

26. I infer from the findings above that it is probable that a substantial number of consumers would attribute both plaintiff's and defendants' wares to a common source.

27. Lit Brothers' department store in Philadelphia has from time to time, from 1935 to 1940, advertised and employed the word "Swarthmore" in connection with men's, women's and children's apparel. It obtained Pennsylvania and New Jersey state registration of the mark "Swarthmore" in 1935. In December, 1945, and January, February and March, 1946 it advertised women's dresses "by Swarthmore" in the Philadelphia press.

■ The court has jurisdiction of the parties and the subject matter. Since the only federal trademark registration here involved is that of "Swarthmore Junior" under the Trade-Mark Act of 1920, which conferred no substantive rights upon the registrant, see Armstrong Paint & Varnish Works v. Nu-Enamel Corporation, 1938, 305 U.S. 315, 322, 59 S.Ct. 191, 83 L.Ed. 195, it is far from clear whether the Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, doctrine requires that state and not federal law be applied to the complaint or counterclaim. See, passim, National Fruit Product Co. v. Dwinell-Wright Co., D.C.Mass., 1942, 47 F.Supp. 499, affirmed, 1 Cir., 1944, 140 F.2d 618. However, counsel have neither briefed nor argued the point. Both have relied almost exclusively upon federal precedents. Nor does cursory examination suggest any substantial divergence between applicable state and federal case law. Cf. Hanover Star Milling Co. v. Metcalf, 1916, 240 U.S. 403, 411, 425, 36 S.Ct. 357, 60 L.Ed. 713.

Apart from its utility as a source of federal jurisdiction and as determinative of the applicable body of law, the defendants' registration of its mark under the Act of 1920 is irrelevant; Armstrong Paint & Varnish Works v. Nu-Enamel Corporation, supra. What remains is a case of common

law trademark infringement, in which the issue is whether defendants can stop plaintiff's use of the word "Swarthmore" as a trademark or trade name in connection with blouses.

■■■■ Defendants' trademark as registered and as actually affixed to their goods is "Swarthmore Junior", written in script. While "Swarthmore" is a geographic name, "Swarthmore Junior" is neither used by defendants, nor understood by any one, to mean that the goods are made in Swarthmore, but is used fancifully and arbitrarily. Its geographic denotation does not render it unprotectable, Hamilton Brown Shoe Co. v. Wolf Brothers & Co., 1916, 240 U. S. 251, 36 S.Ct. 269, 60 L.Ed. 629, even where it is denied registration under the Act of 1905; Cf. Triangle Publications, Inc., v. Rohrlich, 2 Cir., 1948, 167 F.2d 969, 982, dissenting opinion on petition for rehearing. While defendants have not been the first, sole and exclusive users of a trademark or trade name for dresses or women's wear, of which mark the predominant feature is "Swarthmore", the only prior user, Lit Bros., did not use its trademark "Swarthmore" in substantially the same market in which defendants use it. Lit Bros.' use was confined to retail department store trade in the Philadelphia area. Lit Bros.' prior use, therefore, does not deprive defendants of the right to protection of their interest in their mark as against the plaintiff. Cf. Hanover Star Milling Co. v. Metcalf, supra.

■■■■ Having a trademark established by consistent use and advertising, defendants are entitled to prevent plaintiff from using a confusingly similar mark or name in connection with the same or related goods in the same markets. I have found that while there is no proof that any member of the public has been misled into the belief that plaintiff's blouses originate at the same source as defendants' dresses, it is probable that such a false belief will be generated. Evidence of specific instances of confusion is unnecessary; La-Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 1946, 157 F.2d 115.

The degree of probability of confusion prerequisite to trademark protection has not been precisely established, and it may well be in the nature of the case that this cannot be done. That where confusion of source is more probable than not, relief should be granted, is surely within the rule. The converse would deny relief in all but a few cases. The frequency with which judicial protection of trademarks is given suggests that the standard is somewhat lower, and that it is not a condition precedent to the granting of relief that the trier of facts predict that over 50% of the consuming public will be confused. He need merely predict that a substantial number will be confused. I have so predicted.

There is no proof that the trademark was not entitled to registration under the Act of 1920.

Plaintiff's complaint is dismissed.

Plaintiff will be enjoined from using "Swarthmore Classics" or other colorable imitation of "Swarthmore Junior" in connection with the sale of blouses. It is true that this in effect gives defendants a monopoly of the word "Swarthmore", limited, however, to particular goods. I find this no more shocking than if the word had been "Moreswarth". What great public interest in the name of a place is adversely affected by this result has not been shown me. As for private interests, the plaintiff can surely find another name, and of course I express herein no opinion that a dress or blouse maker whose factory is in Swarthmore would not be privileged so to identify his wares.

■■■■ Defendants' request for an accounting is denied, for there is no evidence that plaintiff's use has thus far injured defendants or that plaintiff has benefited from the similarity of marks; Triangle Publications, Inc., v. Rohrlich, 2 Cir., 1948, 167 F.2d 969.

Submit decree in accordance with opinion.