## CONTINENTAL DISTILLING SALES CO. v. BRANCATO.

## CONTINENTAL DISTILLING CORPORATION v. BRANCATO.

### Nos. 13768, 13769.

United States Court of Appeals
Eighth Circuit.

March 10, 1949.

Leonard L. Kalisch, of Philadelphia, Pa. (Douglas Stripp, and Watson, Ess, Barnett, Whittaker & Marshall, all of Kansas City, Mo., on the brief), for appellant.

William G. Boatright, of Kansas City, Mo., for appellee.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

WOODROUGH, Circuit Judge.

These cases were consolidated and tried together in the District court and the appeals are upon a single record. There is identity of interest in both appellants, Continental Distilling Corporation and Continental Distilling Sales Company, which are affiliated companies, one being a producing and the other a selling company of the same line of alcoholic beverages, both complaining of alleged trade name infringement and unfair competition by the appellee, Brancato, a wholesale liquor dealer in Kansas City, Missouri, in respect to the conjunctive use by him of the word "Continental" in the trade name under which he carries on his liquor business. The federal jurisdiction resulted from diversity of citizenship. On the trial of the cases the court was of the opinion that the conjunctive use by the appellee of the word "Continental" in his trade name was not likely to and would not probably cause confusion to arise in the minds of the buying public nor result in Brancato's trading on the reputation and good will of appellants, and by the final judgment appellants were denied injunctive or other relief prayed for by them and they appeal.

It appears from the record that the appellants, wholly owned subsidiaries of Publicker Industries, Inc., are now and (except during prohibition) have for a great many years been engaged in the manufacture and the sale, respectively, of alcoholic beverages which are manufactured by the distilling corporation and distributed by the sales company with the name "Continental" appearing on every label or bottle of the goods which are known to wholesalers and retailers throughout the country as the "Continental Line", or as products of "Continental" or "House of Continental." Since repeal of prohibition the distilling corporation has spent millions of dollars in advertising its name and its products and has spent many thousands of dollars for that purpose in Missouri, including Kansas City, and so has built up a good will of great value in the name "Continental." Not only has every bottle of the beverages conjunctively carried the name "Continental" but much of the advertising has featured and stressed the word "Continental" standing in bold type by itself in such a way as to effectively impress it on the mind in connection with appellants' business and their line of alcoholic beverages. It is undisputed in the record that the Continental Distilling Corporation is one of the five largest producers of alcoholic beverages in the United States.

The appellee Brancato operated a package liquor store in Kansas City, Missouri, from about 1939 to 1942, and on February 16, 1944, he started a wholesale liquor business at 1604 Grand Avenue in that city. He took the trade name "Continental Wine and Liquor Company", caused it to be registered under the Missouri Fictitious Name Act and has been carrying on a wholesale liquor business in that name ever since. On one occasion a Kansas City wine company bottled some 1800 cases of wine for Brancato labelled "Bottled by Pioneer Wine Co. for Continental Wine and Liquor", but generally he buys and sells beverages already bottled with the name of some distiller thereon. He sells to the same trade in Kansas City area to which the appellant sales company sells, including saloons, hotels, bars and other purveyors of entertainment.

It appears both as to the appellant distilling company's products and those of the other distillers whose products Brancato sells that each particular beverage is distributed under a brand name. Appellants' line includes "Dixie Belle" gin, "Philadelphia" whiskey, "Old Hickory" and many other fancifully named beverages, and much of the advertisement is to familiarize the public with and induce consumption of the named brands. Those who consume the beverages probably pay more attention to the brand name of the liquor they consume than they do to the name of the producer on the bottle. The record contains no testimony from consumers.

But neither appellants nor Brancato sell to the consumers of the liquor, they deal with the middlemen, and the undisputed proof is that in the same area they are both doing the same kind of business in the same kind of product under proprietary names whose sole identifying mark of individuality is the word "Continental." The other words in their names, "Distilling Cor-

poration", "Distilling Sales Company", "Wine and Liquor Company", are descriptive merely of their common trade and the nature of what they deal in. That appellants were the first and original appropriators of "Continental" for their trade name and that they identified themselves and their immense business with that name and spent the great sums mentioned in advertising is undisputed and we do not find in the record and briefs any fact or contention that raises any doubt of either their full right to it or of the valuable good will that has come to inhere in it.

■ It is elemental that one who carries on a business and spends money as he goes along to advertise his name and the merchandise he produces and sells, acquires a property in the nature of good will which the law recognizes. Beneficial Industrial Loan Corporation v. Kline, 8 Cir., 132 F.2d 520, and cases cited. That good will attaches to the name of the producer and the seller and if he has given a name to his article of merchandise and advertised that name also in connection with his own as he went along producing the article and selling it, he acquires another property of the same nature equally to be recognized by law. Where there is property recognized as such by law, it is the duty of the court to protect the owner in his right to it.

As we study the record here we can discern no justification whatever for the taking by Brancato of the appellants' name "Continental" to use it in his trade name to identify the wine and liquor business he was starting up in Kansas City, Missouri, in 1944. The name was private property in that field, long since appropriated to appellants and enormously enhanced by their advertisement of it, and Brancato had no shadow of right to it. If he took it in ignorance (as he says), he discovered his mistake very soon and should have desisted.

He points out that he did not appropriate any of the brand names which appellants have attached to their various products and have advertised in connection with them. Doubtless if he had done that an action for injunction would lie against him on that account. But his refraining from that suggests no defense to his conduct in appropriating the distinguishing part of appellants' name which is so manifestly proved against him.

■ It is also argued in his behalf that there is no substantial proof of specific instances in which his appropriation and use in his liquor business of this one of the five leading names in that business has done any harm, or has actually deceived any one or caused confusion in the minds of any particular buyers. But the hand of the court may not be stayed by such considerations. United Drug Co. v. Obear-Nester Glass Co., 8 Cir., 111 F.2d 997, certiorari denied, 311 U.S. 665, 61 S.Ct. 22, 85 L.Ed. 427; and cf. General Finance Loan Co. v. General Loan Co., 8 Cir., 163 F.2d 709, 712; La Touraine Coffee Co. v. Lorraine Coffee Co., 2 Cir., 157 F.2d 115; Aetna Casualty & Surety Co. v. Aetna Auto Finance Co., Inc., 5 Cir., 123 F.2d 582; Acme Chemical Co. v. Dobkin, D.C., 68 F.Supp. 601; Swarthmore Classics, Inc. v. Swarthmore, Jr., D.C., 81 F.Supp. 917. The appellants are not obliged to stand by while one intruder after another filches their good name or until the value of that name is in that way entirely lost to them. Appellants are clearly entitled to immediate protection against Brancato's unfair competition and infringement of their trade name and need not wait for proof of particular instances of actual palming off by Brancato of his own goods for those of the companies under whose name he is masquerading. We conclude that the judgment appealed from is erroneous. It is therefore reversed at appellee's cost with direction to set it aside and to enter judgment for appellants for injunctive relief as prayed by them.

Reversed with directions.