586

**TUTHILL et al. v. WILSEY.**

No. 48 C 1750.

United States District Court
N. D. Illinois, E. D.

May 20, 1949.

Seyfarth, Shaw and Fairweather, Chicago, Ill., and Mann & Brown, Chicago, Ill., for plaintiffs.

Charles B. Spangenberg (of Dawson, Ooms, Booth & Spangenberg), Chicago, Ill., and Richard G. Finn (of Finn & Stansell), Chicago, Ill., for defendant.

LA BUY, District Judge.

Plaintiff has filed a petition for declaratory judgment alleging that defendant procured issuance of Patent No. 1,732,871 and

is the owner thereof; that defendant in breach of his contract with plaintiff refused to assign said patent to plaintiff, that plaintiff has never made or used anything embodying said invention but has made and sold pumps in accord with attached exhibits, that defendant offered to sell said patent to persons other than plaintiff thereby further repudiating the contract; and further alleges in paragraph 16 as follows:

"On or about the 12th day of November, 1943 defendant filed suit in the Circuit Court of Cook County, Illinois, against the plaintiffs herein and, in the course of prosecution thereof alleged that pumps theretofore made and sold by plaintiff, Tuthill Pump Company, embodied the alleged inventions covered by Wilsey Patent No. 1,732,871."

The petition prays the court find (1) that said patent is invalid and void from date of issue, (2) that said patent was not at any time infringed by plaintiff, and (3) that said patent was never owned by plaintiff but owned by the defendant.

Defendant has filed a motion to dismiss on the ground (1) failure to state a claim in that there is no actual case and controversy as contemplated by the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, and (2) this court lacks jurisdiction of the suit since it does not arise under the patent laws of the United States.

■■ A suit to have a patent declared invalid has been held to be one arising under the patent laws in the same way as the ordinary suit for infringement, and it is immaterial that the suit is brought by a party who himself has no patent, where defendant is threatening plaintiff's customers with suits for infringement and is disrupting plaintiff's business. Zenie Bros. v. Miskend, D.C., 10 F.Supp. 779. The test of whether a justiciable case or controversy exists in suits of this nature so as to be within the Declaratory Judgment Act is stated by Borchard, Declaratory Judgments, 2nd ed., page 807, as follows:

"In cases thus far decided, there have usually been two elements present, actual manufacture, use or sale by the petitioner, and charges of infringement by the patentee or his successor in interest. But actual manufacture, use or sale ought not to be essential. It ought to suffice that the party charged is about to infringe or take some action which is prejudicial to the patentee, and that he is then charged or put on notice that his action is attacked as an infringement, present or prospective. He is then in a position to remove the cloud by challenging the patentee to prove the validity of his patent or his claim of infringement or ever thereafter remain silent.

"Justiciability, however, is hardly possible before the alleged infringer or his customers or dealers have been notified by the patentee's claim, however informal the method of notification or charge. The question has arisen whether such claim or notice or charge should be required, and whether it ought not to be possible, as in certain foreign countries, for a manufacturer, definitely contemplating making and selling a certain article, to bring an action against the owner of a possibly conflicting patent for a declaration that his contemplated article does not infringe. An early adjudication of such an issue might prevent much economic waste and useless expenditure of money. The patentee himself, desiring to enjoin an infringement, need give no advance notice that his patent even exists. And yet, it seems best to limit declaratory relief for the infringer to cases in which an adversary claim has been made against him, though it may, it is believed, apply to an article not yet manufactured but only about to be manufactured. This requirement, present in practically all the adjudicated cases, refutes the fear that patentees might be harassed by prospective infringers and be obliged continually to defend their patents. The fact that a patentee's claim of infringement is a condition precedent to this type of action places the matter of adjudication of the patent within the control of the patentee, for, if he wishes to avoid adjudication he can refrain from making charges of infringement. But having made the charge, he then exposes himself to adjudication. In other words, the mere existence of the patent is not a cloud on title, enabling any apprehensive manufacturer to remove it by suit.

It requires an assertion of right under the patent to place the alleged infringer in gear to join issue and challenge the title."

■ With this guide before the court and for the purpose of a motion to dismiss the averments of a bill of complaint are ordinarily accepted as true. The fact of defendant patentee's claim of infringement is alleged by paragraph 16 of the petition to have been made in allegations of a suit pending in the Circuit Court of Cook County. These pleadings have been submitted with the motion to dismiss. The court, in accord with Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., should, and has, considered them.

The second amended complaint in the state court action alleges existence of an agreement of December 9, 1926 between the parties which among other things provided for royalty on all pumps sold which embodied the inventions of Wilsey, solely or jointly, that there has been no payment of royalty by defendant Tuthill, that Wilsey made many inventions on which patents were issued, that Tuthill Pump Company manufactures and sells pumps and pumping machinery embodying inventions made by Wilsey. Tuthill filed answer setting forth lack of proper party plaintiff, limitation of the action, and as a third affirmative defense the refusal of Wilsey to assign his interest in Patent No. 1,732,871 in accord with the contract thereby rendering said contract null and void; that there was a waiver of royalties; and as a counterclaim alleges that through the refusal of Wilsey, Tuthill was compelled to expend moneys in experimenting, developing and producing inventions of the same efficiency as that covered by Patent No. 1,732,871. The reply of Wilsey to said answer contains the allegations also constituting the basis of the present suit, and appear in Paragraphs 23, 37, 38, 39, and 40 thereof. Tuthill Pump Company in its amended answer alleges that the patents issued are not valid and are worthless and that the refusal to assign Patent No. 1,732,871 breached the contract and rendered it null and void.

■ Plaintiff relies heavily on Chicago Metallic Mfg. Co. v. Edward Katzinger, 7 Cir., 123 F.2d 518, 519. The complaint in that case alleged that plaintiff was manufacturing tinware free and clear of any patent rights; that it operated under a license agreement and complied with its terms; that it subsequently cancelled the license agreement and discontinued the manufacture of defendants products and thereafter manufactured and sold tinware free and clear of defendants patents; that nevertheless defendant demanded payment of royalties thereon as if made pursuant to the license agreement. The fact of a pending suit in the Circuit Court of Cook County was called to the court's attention wherein defendant alleged that all the products manufactured and sold by plaintiff "embodied and were in accordance with the patents, and prayed that the state court determine whether the products manufactured and sold by the Metallic Company embodied and were made in accordance with the patents and for an accounting and royalties."

The question of termination of the license agreement was there raised and argued to be an interpretation of the contract between the parties and consequently not a suit under the patent laws, but this allegation of termination and cancellation was held not to change the suit from one under the patent laws to one under contract. In the instant case, however, termination rests on entirely different allegations. It is alleged that due to a breach of the contract by defendant said contract became null and void and further that defendant treated said contract as repudiated. This alleged termination occurred during the life of the contract and before expiration of the patents covered thereby. A forfeiture or repudiation of a contract does not follow from the single fact that covenants are broken unless the parties expressly agreed that such a forfeiture should follow. The decision of whether or not a termination of the contract occurred turns upon a determination of the parties rights under the contract between them.

It is true as plaintiff asserts that title to a patent must be determined in an action under the patent laws, but it does not usually rest upon a resolution of contract terms. The issue of termination and ques-

tion of title in the present action are interwoven since the breach and nullification of the contract are alleged to have arisen from defendant's refusal to assign title to plaintiff and by having the title issue in defendant's name. The petition in the instant case prays the court to make an affirmative finding that title to the questioned patent rests with defendant. It appears therefore that the allegation of infringement must be construed as an allegation that when title is determined to be in the defendant, the plaintiff can then seek relief from alleged threats of infringement. In order to resolve the question of title the court will be required to construe the terms of the contract and that question is a primary fact to be settled before any question of infringement can be reached and resolved.

The court is further of the opinion that the allegations in the state court action which are the premise to the allegation of charge of infringement in this petition are not sufficiently definite and concrete so as to give rise to a real and substantial controversy. There must be more than a mere possibility of a dispute. The plaintiff must be charged to infringe or helping others to infringe. The allegations relied on in the pleadings in the Circuit Court are not to be construed as affirmative conduct on the part of the defendant which can be interpreted as a claim that its patents are being infringed by the plaintiff.

Plaintiff emphasizes the allegations in the instant petition are the same or similar to those appearing in the Katzinger case. While it appears the complaint there alleged in the royalty action that defendants manufactured products "embodying" the patents of the plaintiff and prayed for a determination that such products were covered by plaintiff's patents, the record in that case discloses a letter purporting to be a notice of infringement sent by defendant to plaintiff. The opinion of the Court of Appeals makes no specific reference to its existence, but such a fact undoubtedly strengthened and made real the alleged threatened infringement allegation in the petition and meets the test set forth by Borchard.

The court is of the opinion that there is no justiciable case or controversy under the patent laws in the instant case and sustains the motion to dismiss the petition. An order has this day been entered in accord therewith.