**MERRICK et al. v. SHARP & DOHME, Inc.**

Civ. A. 49 C 672.

United States District Court
N. D. Illinois, E. D.
June 13, 1949.

Cyril A. Soans and William E. Anderson, Chicago, Ill., for plaintiffs.

L. B. Mann, Mann & Brown, Chicago, Ill., and George E. Middleton, New York City, for defendant.

BARNES, Chief Judge (Orally).

As it seems to the Court, the two questions before the Court are whether or not the Court has jurisdiction; and the further question, whether or not the allegations of the complaint are sufficient to set the Court in motion.

The Declaratory Judgments Act, 28 U.S.C.A. § 2201, says, "In a case of actual controversy within its jurisdiction, * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

"In a case of actual controversy"—so the principal question is, is there an "actual controversy" between these parties.

The complaint sets forth the Notice of Opposition, a part of which reads:

"3. The applicant's trade-mark and the above trade-marks of the opposer are used upon similar goods or goods of the same descriptive properties.

"4. The applicant's trade-mark is confusingly similar to the above trade-marks of the opposer.

"5. The applicant's claimed date of first use, April, 1946, is subsequent to the first use of the above trade-marks owned by Sharp & Dohme, Incorporated.

"6. Because of the use of a trade-mark by the applicant, consisting of the word Sulfodene, the trade and the public, upon seeing applicant's goods are likely to be confused and misled into the belief that applicant's goods are manufactured and sold by the opposer, to the damage of the opposer."

A somewhat novel idea has been advanced in argument that a court may have jurisdiction which for some reason or another it should not exercise. I was taught in law school that a grant of jurisdiction to a court carried with it an obligation on the part of the court to exercise that jurisdiction when proper facts were brought before it. A grant of jurisdiction carries with it the obligation on the part of the court to act in a proper case.

So the principal question, as I see it, is, does this Court have jurisdiction? I think a controversy does exist between these parties, as appears from the com-

plaint, and that accordingly the Court has jurisdiction, and that the complaint states a cause of action.

It seems clear that the motion to dismiss should be denied. Defendant, in its notice of opposition, told plaintiffs that their proposed trade-mark would infringe defendant's registered marks and that they should not be entitled to use their proposed mark upon their goods. Accordingly, there was an "actual controversy" between the parties, giving rise to an action under the Declaratory Judgments Act.

This Court need not be concerned with the effect of any judgment which may be rendered here. It may have no effect except between the parties. It may be res judicata, but that is no concern of this Court; that is the concern of Congress.

There is an "actual controversy" between the parties; therefore the Court has jurisdiction under the Declaratory Judgments Act.

The motion to dismiss should be overruled and denied. And that will be the order.