CROWN BEVERAGE CORPORATION, Plaintiff, *v.* NEHI CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 11, 1949.

*Harry Price* for plaintiff.

*Theodore Kiendl, William R. Meagher* and *Stanford Schewel* for defendants.

STEUER, J. The plaintiff started business in 1937. Its business consisted of the manufacture and bottling of a number of soft drinks. It sells these beverages to jobbers who call for the drinks in their own trucks at plaintiff's plant. These jobbers in turn sell the drinks from door to door to private consumers in Brooklyn and Queens. The trucks are painted for the jobbers by plaintiff and exhibit its corporate name. All of the drinks with one exception are sold in twelve or twenty-nine ounce bottles which have a label stating plaintiff's corporate name and the name of the drink enclosed in a representation of a crown. The excepted beverage is a cola which is sold in seven ounce bottles. These bottles bear no label but the words " Crown Beverages " appear on the bottle in corrugations of its surface. There is also a cap which bears either the word " crown " or the word " cola ". Aside from the truck painting, plaintiff does not advertise.

Defendant is the successor to a series of corporations long engaged in the soft drink business. It also produces a number of drinks, only one of which, cola, is important here. This drink is sold under the name of Royal Crown Cola, the use of which name antedates plaintiff's incorporation. Defendant does a nation-wide business in the following manner: It contracts with bottlers in various parts of the country, allotting them a specific territory in which they have exclusive rights. Defendant sells these plants the essence or syrup from which the drink is made, licenses them to use the name Royal Crown Cola and its trade-marked label, inspects their product from time to time and advertises the product and the name on a national scale. The bottlers supplement this with local advertising. The bottlers sell, almost entirely, to stores, restaurants and similar retail outlets. Defendant has assigned the area in which plaintiff operates to Royal Crown Bottling Corporation of Newark. To date, this company (not a party to this action) has not sought to make sales in that area and practically none are made.

In 1940, plaintiff filed an application to list its trade-mark with the Patent Office. Defendant opposed the application and

early in 1941, the Patent Office sustained the objection and refused to list the trade-mark. Plaintiff thereupon brought this action for a declaratory judgment, in the nature of an action to quiet title, to adjudicate its rights in the use of its name and labels. Defendant counterclaims for an injunction to restrain plaintiff from using the word " crown ". This is not the relief sought in the complaint but is the declared purpose of the plaintiff at the trial.

The first question presented is whether plaintiff's adoption and use of its name are in bad faith — that is with intent to capitalize on defendant's reputation. It is found that there is no such bad faith.

The second question is whether that use is likely to cause confusion in the public mind — specifically whether the buying public will purchase plaintiff's product in the belief that they are getting defendant's. This, I believe to be inevitable. The names " Crown " and "Royal Crown " are so nearly similar in the thought evoked as well as in sound that even without the popular tendency to abbreviation they can not be mutually employed without association in the public mind. In addition " cola " both as a drink and as a word is in a peculiar position. In both senses it is invariably identified with the brand name which by usage precedes it. Properly speaking cola is not the name of a drink but of the extract from the cola nut. While development has outrun the classic definition so that the name might properly be used for a beverage made from the extract, it is not so used without the qualifying brand name. So that plaintiff's consumers must regard that they are getting some kind of cola and presumably " Crown Cola ". This being practically indistinguishable from "Royal Crown Cola " confusion must result.

It would follow that unless there was some reason which would bar it, defendant being the first user of the name, would be entitled to relief and the plaintiff would not. The first reason advanced is that while defendant is the first user, plaintiff is the first user in the particular territory. This, of course, depends on what is meant by the territory. If the territory is sufficiently limited in area practically every use can be found to be the first in the territory, and there are other considerations. In view of nation-wide advertising and sales promotion it is difficult to confine rights except in very large territorial divisions. In addition, plaintiff's object is to expand its production over increasing areas, so it is difficult to see how the con-

cept of prior use limited to a particular locality can be availing.

The next objection is that defendant by licensing others to use its name has lost its right to complain and that the only person who can demand relief would be the licensee of the territory in which plaintiff operates. Without going into the distinctions which determine whether or not a trade-mark right is lost by licensing it is sufficient to say that the same method of doing business as here involved was decided not to involve a loss of trade-mark rights (*Coca-Cola Bottling Co.* v. *Coca-Cola Co.*, 269 F. 796).

Lastly it is claimed that " crown " is such a generic word that it is not subject to exclusive appropriation. This would be true of related products (*Arrow Distilleries* v. *Globe Brewing Co.*, 117 F. 2d 347), but it does not apply to an identical product.

It therefore follows that defendant is entitled to relief and the plaintiff is not. The measure of relief is next to be considered. Defendant did not formally limit its claim as asked in its counterclaim. But its president testified that it was not affected by plaintiff's name or labels on products other than cola drinks. This accords with the other testimony. There is no present prospect of competition or confusion in regard to the other beverages made by the parties. If it be asserted that even though defendant does not use the name " crown " in connection with these other beverages plaintiff might conceivably benefit from the nominal resemblance, the answer is that this is one of the hazards of selecting a name so widely used for a number of products.

Judgment for defendant dismissing plaintiff's complaint and on the counterclaim enjoining plaintiff from using the word " crown " either singly or in combination with the sale of any beverage of the cola variety.

Submit judgment accordingly.