Felice BRUNI, Appellant,

v.

John Foster DULLES, Appellee.

Angelantonio SBROCCA, Appellant,

v.

John Foster DULLES, Secretary of
State, Appellee.

Nos. 12348, 12723.

United States Court of Appeals
District of Columbia Circuit.

Argued June 14, 1956.

Decided July 26, 1956.

Mr. David Carliner, Washington, D.
C., with whom Mr. Jack Wasserman,
Washington, D. C., was on the brief, for
appellants. Mr. Irving Tranen, Washington, D. C., entered an appearance for
appellant in No. 12348.

Mr. Lewis Carroll, Asst. U. S. Atty.,
with whom Mr. Oliver Gasch, U. S. Atty.,
was on the brief, for appellee. Messrs.
Leo A. Rover, U. S. Atty., at the time
record was filed, and Harold H. Greene,
Asst. U. S. Atty., also entered appearances for appellee.

Before BAZELON, FAHY, and
BASTIAN, Circuit Judges.

PER CURIAM.

These consolidated appeals are from
orders [1] of the District Court holding
that Bruni and Sbrocca had expatriated
themselves. Both were born in Italy of
fathers who were naturalized citizens of
the United States. Thus, appellants
were nationals of the United States and
of Italy.

The cases were tried and decided in the District Court prior to the

1. In No. 12348, affecting Bruni, the action of the District Court is denominated an Order, in No. 12723, affecting Sbrocca, a Judgment. We use the terms interchangeably in this opinion.

decision of the Supreme Court in Gonzales v. Landon, 350 U.S. 920, 76 S.Ct. 210, and prior to our decision in Soccodato v. Dulles, 96 U.S.App.D.C. 337, 226 F.2d 243. In Gonzales the Supreme Court held that in expatriation cases arising under section 401(j) of the Nationality Act of 1940, 54 Stat. 1137, as amended, 8 U.S.C. § 501 et seq. (1946), [*] the same strict standards of proof required for loss of citizenship by denaturalization apply; [2] that is, the proof of expatriation must be " 'clear, unequivocal, and convincing' ". Schneiderman v. United States, 320 U.S. 118, 125, 63 S.Ct. 1333, 1336, 87 L.Ed. 1796. Expatriation is not to be proved by evidence which "leaves the issue in doubt", as we put it in Acheson v. Maenza, 92 U.S.App.D.C. 85, 88, 202 F.2d 453, 456. We set forth the same criteria in Soccodato, where we also repeated what we had said in Alata v. Dulles, 95 U.S.App.D.C. 182, 184, 221 F.2d 52, 54, that factual doubts in expatriation cases are to be resolved in favor of citizenship. See, also, Monaco v. Dulles, 2 Cir., 210 F.2d 760; Augello v. Dulles, 2 Cir., 220 F.2d 344; Mandoli v. Acheson, 344 U.S. 133, 73 S.Ct. 135, 97 L.Ed. 146; and the recent review of the subject in Stipa v. Dulles, 3 Cir., 233 F.2d 551. All these decisions now make plain that when an American citizen is said to have expatriated himself, by joining the armed services of Italy, for example, or participating, after joining, in a mass swearing-of-allegiance, or voting in Italian political elections, the voluntary character of such acts must be proved under the strict standards above referred to, and that in determining voluntariness conscription or economic duress are relevant and important factors to be considered by the courts.

From the memoranda opinions of the District Court filed in these cases it appears that the criteria now established were not applied. Therefore, the orders will be reversed, and the findings and conclusions upon which they rest will be set aside. The cases will be remanded, however, for reconsideration, in the course of which the District Court in the exercise of a sound discretion may receive additional evidence should either party so request.

It is so ordered.

---

[*] Now 8 U.S.C.A. § 1481(a) (10).

2. Although § 401(j) has to do with expatriation by departing from or remaining outside the jurisdiction of the United States in time of war or national emergency for the purpose of evading or avoiding training and service in the armed services, while these cases involve expatriation under other subsections of § 401, by taking an oath of allegiance to a foreign state, entering and serving in the armed forces of a foreign state, and voting in political elections in a foreign state, the same standards of proof must govern.