UNITED STATES of America, as Represented by Ezra Taft Benson, Secretary of Agriculture, Appellant,

v.

Joseph SZUECS, Appellee.

No. 13410.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 13, 1956.

Decided Jan. 10, 1957.

Mr. E. R. Weisbender, Atty., Dept. of Justice, with whom Asst. Atty. Gen., George Cochran Doub and Messrs. Oliver Gasch, U. S. Atty., Melvin Richter, and

Albert K. Geer, Attys., Dept. of Justice, were on the brief, for appellant. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellant.

Mr. Delavan Smith, New York City, of the Bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Richard P. Schulze, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN, FAHY and DANAHER, Circuit Judges.

FAHY, Circuit Judge.

The United States, as represented by Ezra Taft Benson, Secretary of Agriculture, appeals from a judgment of the District Court ordering the Commissioner of Patents to issue to Joseph Szuecs, appellee, letters patent on his application filed in the Patent Office on April 19, 1948, Serial No. 21,845, describing a certain process for growing mushroom mycelium. Appellant is the assignor of one Harry Humfeld. It contends that Humfeld had priority by reason of his application for a similar patent filed January 23, 1948, Serial No. 4,056. In the Patent Office an interference proceeding had been declared [1] to determine the question of priority. As a result of this proceeding the Patent Office awarded priority of invention to Humfeld, whereupon Szuecs filed his complaint in the District Court under 66 Stat. 803 (1952), 35 U.S.C. § 146 (1952).

After a hearing the District Court made findings of fact and entered conclusions of law. The court found that Szuecs was the first inventor and that the Patent Office erred in awarding priority to Humfeld. In a memorandum opinion the District Judge stated that the burden of proof rested upon Szuecs to establish the allegations of his complaint "by a preponderance of the evidence" and that his testimony and that of witnesses in corroboration thereof established "by a preponderance of the evidence" that Szuecs had reduced the process to practice February 7, 1947, and accordingly was the first inventor.

When the Patent Office has decided a question of priority of invention, followed by an action under 35 U.S.C. § 146 contesting the decision, the question of priority is tried de novo in the District Court; but the standard of proof which must be applied by the District Court to reach a conclusion contrary to that of the Patent Office is not a preponderance of the evidence:

> "* * * it must be laid down as a rule that, where the question decided in the patent office, is one between contesting parties as to priority of invention, the decision there must be accepted as controlling upon that question of fact in any subsequent suit between the same parties, unless the contrary is established by testimony which in character and amount carries thorough conviction."

Morgan v. Daniels, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657, decided in an action brought under the authority of Rev.Stat. § 4915, the predecessor of 35 U.S.C. § 146. And see Esso Standard Oil Co. v. Sun Oil Co., 97 U.S.App.D.C. 154, 229 F.2d 37.

Since the District Court in deciding the case appears clearly not to have applied the rule which requires that the evidence carry "thorough conviction," the judgment, and the findings and conclusions upon which it rests, must be set aside, but the case will be remanded for reconsideration under that standard of

[1.] The relevant count in the interference proceedings describes the claim as follows:

"A process for growing mushroom mycelium, a foodstuff, comprising inoculating a sterile, liquid, organic-material-containing nutrient medium with mushroom tissue, forcing air into the culture beneath the surface thereof, agitating the culture by stirring to disperse the air into the culture, and continuing growth under agitated, aerated, submerged conditions until a substantial amount of mycelium is produced."

proof as set forth in the Morgan and Esso cases. In the exercise of a sound discretion the District Court may receive additional evidence. Cf. Bruni v. Dulles, 98 U.S.App.D.C. 358, 235 F.2d 855.

Reversed and remanded.