**ROYAL CROWN COLA CO., Plaintiff,**

**v.**

**CROWN BEVERAGE CORPORATION, Defendant.**

**No. 60-C-567.**

United States District Court
E. D. New York.
June 26, 1961.

Skadden, Arps, Slate, Meagher & Flom, New York City, for plaintiff. William R. Meagher, New York City, Raymond A. Walsh, Washington, D. C., Robert J. Ensher, Geoffrey M. Kalmus, New York City, of counsel.

Harry Price, New York City, for defendant.

BARTELS, District Judge.

Plaintiff moves for judgment on the pleadings, pursuant to Rule 12(c), Fed.Rules Civ.Proc., 28 U.S.C.A. However, since the plaintiff seeks to incorporate documents other than the complaint and answer herein, its motion will be treated as one for summary judgment pursuant to Rule 56. Defendant, while contending that there exist material issues of fact in this case, has nevertheless cross-moved for summary judgment in the event that the Court rejects its contention.[1]

On May 2, 1957 plaintiff filed two applications (Serial Nos. 29,294 and 29,296) with the Patent Office for registration of the trademark "Royal Crown" for certain types of soft drinks. Thereafter defendant filed a notice of opposition upon a number of grounds including estoppel and upon the ground that a decision by the New York State Supreme Court (Crown Beverage Corp. v. Nehi Corp., 1949, 196 Misc. 715, 92 N.Y.S.2d 902) entitled defendant to concurrent usage of the mark on non-cola drinks in the New York metropolitan area. On March 11, 1960 the Trademark Trial and Appeal Board of the United States Patent Office (hereinafter the "Board") rendered its decision sustaining the opposition without prejudice to the plaintiff's right to amend its application to limit identification of its goods to soft drinks of the cola type, interpreting the New York State court decision as conclusively determining that the opposer had the right to use the mark in the State of New York for non-cola drinks. Plaintiff then filed a notice of appeal to the Court of Customs and Patent Appeals pursuant to 35 U.S.C.A. § 141, whereupon defendant filed its notice of election to have all further proceedings conducted in this Court.

Section 1071, 15 U.S.C.A., prescribes an election of remedies for the parties and, in substance, provides that the party dissatisfied with the decision of the Commissioner or the Board may appeal to the United States Court of Customs and Patent Appeals or proceed under Sections 145 and 146 of Title 35 U.S.C.A. subject to the proviso:

> "That any party who is satisfied with the decision of the Trademark Trial and Appeal Board shall, upon the filing of an appeal to the Court of Customs and Patent Appeals by any dissatisfied party, have the right to elect to have all further proceedings under section 146 of Title 35, by election as provided in section 141 of Title 35. * * *"

Under Section 145, 35 U.S.C.A., plaintiff, being dissatisfied with the decision of the Board, could have instituted an action against the Commissioner in the United States District Court for the District of Columbia, instead of appealing to the United States Court of Customs and Patent Appeals. Sections 146 and 141, 35 U.S.C.A. define the procedure for both an appeal to the Court of Customs and Patent Appeals and a civil action in the District Court, which upon timely election is available to both parties. As above indicated, the plaintiff herein as a dissatisfied party appealed to the Court of Customs and Patent Appeals, and the defendant, as the satisfied party, exercised its election to proceed in this Court.

Plaintiff argues that (1) the Board misconstrued the New York State court decision and that if properly interpreted, the decision would entitle plaintiff to registration of its mark, and (2) even if the Board's interpretation were correct, any rights granted defendant would be limited solely to intrastate

1. A motion by plaintiff to vacate a deposition notice served by defendant has been withdrawn pending the determination of the instant motions.

rights which would not justify a denial of registration of the mark under the Lanham Act since that Act would protect any rights awarded the defendant despite the registration. Defendant asserts that the proceeding in this Court is not a mere review of the record below but entails a trial *de novo* and that consequently this Court cannot render a summary judgment until the defendant has had an opportunity to elicit and introduce additional evidence. This it states it will do by producing evidence of estoppel against plaintiff's right to register the mark and evidence obtained from plaintiff's deposition in connection with its defenses.

In its brief plaintiff has thoroughly analyzed the decision of the New York State Supreme Court and has also cited many authorities in support of its arguments for registration and expansion of its mark and in support of its opposition to defendant's claim of a property right to the mark upon non-cola drinks in the New York area. The Board and the plaintiff both take the position that the New York State court decision is for all intents and purposes controlling. The Board interpreted the decision to accord the defendant the right to exclude the plaintiff from the use of the mark on non-cola beverages in the New York area. This interpretation, the plaintiff contends, is erroneous because an analysis of the decision demonstrates that the defendant was permitted to use the mark on non-cola drinks only as a matter of sufferance since at that time there was no competition between the plaintiff and the defendant with respect to non-cola drinks. In its opinion the Board indicated that there were some inconsistent statements in the Court's opinion which "were undoubtedly reconciled in the judgment, but applicant has not seen fit to submit a copy of it."

■■ As indicated by Section 1071, the adverse party now has the right to "further proceedings under section 146 of Title 35". Thus this Court cannot, after such an election, freeze the record upon the proceedings before the Board and render a summary judgment without such "further proceedings". At this stage of the case it cannot be said, as a matter of law, that the defendant cannot possibly adduce any evidence which would strengthen or buttress the rationale or finding of the Board. R. J. Moran Co. v. Seeck & Kade, D.C.N.Y.1950, 91 F.Supp. 188. In a proceeding of this character the findings of the Board are controlling upon the question of fact in any subsequent suit "unless the contrary is established by testimony which in character and amount carries thorough conviction." Morgan v. Daniels, 1894, 153 U.S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657. In other words, the standard of proof to reach a conclusion contrary to the Board on a question of fact is more than just a preponderance of the evidence. United States v. Szuecs, 1957, 100 U.S.App.D.C. 24, 240 F.2d 886, 887. It does not follow, however, that the Court is thereby circumscribed by the Board's interpretations of court decisions or its conclusions of law. Not only does the above rule concerning findings of fact operate to the defendant's benefit but the defendant also has the further advantage in this proceeding of submitting additional evidence. Such further evidence may bear upon the judgment filed in the New York State Supreme Court and also upon the question of estoppel and the other defenses interposed herein. It is obvious under these circumstances that plaintiff's application is premature. The Court should not attempt to prejudge the case by its own view of the law until all of the relevant evidence has been submitted. To grant the plaintiff's motion under the present circumstances would improperly limit this proceeding to a question of legal interpretation and destroy the very election afforded to the defendant under section 1071. See Consolidated Cosmetics v. Neilson Chemical Co., D.C.Mich.1952, 109 F.Supp. 300; Avedis Zildjian Co. v. Fred Gretsch Mfg. Co., D.C.N.Y.1956, 147 F.Supp. 614, affirmed 2 Cir., 251 F.2d 530.

The conclusion follows that the motions for summary judgment must be denied. Plaintiff's motion to vacate the defendant's deposition notice, however, may be renewed.

Settle order within five days upon two days' notice.