## SHIELDS *v.* LEES.

PATENTS; DILIGENCE; EVIDENCE.

Lack of diligence on the part of a junior applicant in interference, whose conception antedated that of the senior applicant, cannot be excused on his own uncorroborated testimony. (Citing *Goolman* v. *Hobart,* 31 App. D. C. 286.)

No. 848. Patent Appeals. Submitted November 10, 1913. Decided December 1, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. John B. Hull* and *Mr. W. F. Rogers* for the appellant.

*Messrs. Thurston & Kwis, Mr. E. L. Thurston,* and *Mr. E. C. Browne* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding relating to improvements in a cutting mechanism. The issue is defined in the following counts:

"1. As a new article of manufacture, a gear-generating tool

having cutting edges located in the surface of an hyperboloid of one sheet."

"3. As a new article of manufacture, a gear-generating tool of circular section, and having a longitudinal section upon a plane intersecting the tool's axis at an angle, each of the two opposite longitudinal edge portions of such section having the contour of a true rack.

"4. As a new article of manufacture, a gear-generating tool provided with a plurality of cutting teeth arranged helically about the axis of the tool, the cutting edges of such teeth being located in the lateral surface of an hyperboloid of one sheet."

"7. As a new article of manufacture, a gear-generating tool-blank having a rectangular section in a plane angularly located with reference to its axis.

"8. As a new article of manufacture, a gear-generating tool-blank having an hyperboloid of one sheet as its lateral surface."

Appellant's application was filed July 26, 1909. Appellee's application was filed July 13, 1909. Both parties rely upon their filing dates for constructive reduction to practice. That appellant, Frank S. Shields, was the first to conceive, is not seriously contested. The dates of conception given the parties by all the tribunals of the Patent Office were, to appellant, the latter part of 1908, and, to appellee, Ernest J. Lees, not earlier than May 28, 1909. It is unnecessary to examine the evidence with a view of according appellee an earlier date, since it was conceded that he was not the first to conceive.

The case therefore turns solely upon the question of lack of diligence on the part of appellant. It appears that from July, 1907, to June, 1909, he was receiving a salary of $84 per month. He testified that he had a family of three children; that his wife was ill during that period, and was a source of heavy expense to him; that during the winter of 1908–1909, he took into his family two cousins who had just arrived from the old country, and that he kept them for three months until they could find work. It appears, however, that during this period he expended $140 for instruction in a correspondence school, and that he also joined the Free Masons.

As to his financial inability to file an application, which it appears was finally accomplished at an initial expenditure of .$20, and thus have preserved his rights, he is uncorroborated, except by his attorney, who testified that all he received for preparing the application and paying the filing fee was $20. He could easily have been corroborated as to the unfortunate conditions respecting the illness in his family, and hence, from his failure to produce this evidence, it must be inferred that the conditions were not such as to have rendered action on his part prohibitive. In the case of a junior party in an interference proceeding, his uncorroborated testimony cannot be accepted as sufficient to establish his case. In *Goolman* v. *Hobart,* 31 App. D. C. 286, the court said: "Appellant is the junior applicant. The burden rests upon him to remove the presumption of prior invention that always attaches to the senior applicant. This presumption cannot be overcome by the uncorroborated evidence of the junior applicant alone. He must be corroborated directly on all points necessary to establish priority." It was incumbent upon appellant to excuse his lack of diligence, and in this he has failed.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*