**SUNDBERG et al. v. SCHMITT.**

Court of Appeals of District of Columbia.

Submitted Nov. 14, 1928. Decided Dec. 3, 1928.

No. 2086.

Joseph H. Milans and Calvin T. Milans, both of Washington, D. C., for appellants.

E. S. Clarkson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals in an interference proceeding awarding priority of invention to the senior party.

The invention relates to an oil-saving or piston ring, and is defined in a single count, which it is unnecessary to reproduce.

The examiner of interferences ruled that appellants had established conception and disclosure of the invention as early as October, 1918, but that they had failed to prove reduction to practice prior to the filing date of Schmitt, and that they were lacking in diligence at that time. The Board of Appeals in a comprehensive opinion affirmed the decision.

The appellants are joint inventors. Both testified to the installation and successful use of rings in two automobile engines in 1918. Other witnesses testified to statements made at the time by these joint inventors as to the use of rings, but this, of course, was hearsay on the issue of reduction to practice. Nothing further was done in respect of the invention until 1920, although, for aught that appears, they might have filed an application for a patent at any time. Moreover, as pointed out by the Board, after the alleged successful use of the ring of the issue, they continued using a different ring.

We agree with the Patent Office that there is no corroboration of the joint inventors on the question of reduction to practice. See Podlesak v. McInnerney, 26 App. D. C. 399. The surrounding circumstances, instead of being corroborative of appellants' present contention on this point, are inconsistent with that contention. Long and unexplained delay following a test of an invention is inconsistent with a subsequent claim that it was successful. Appellants were so clearly lacking in diligence that they did not press the question in the hearing before the Board.

The decision is affirmed.

Affirmed.