**MINNESOTA MINING & MANUFACTURING COMPANY, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY**
and
**Robert H. Krieble, Defendants.**
**Civ. A. No. 2188–56**

United States District Court
District of Columbia.
June 18, 1958.

Stevens, Davis, Miller & Mosher, Washington, D. C., Carpenter, Abbott, Coulter & Kinney, St. Paul, Minn., of counsel, for plaintiff.

Frank L. Neuhauser, Washington, D. C., Abraham Cohen, J. T. Cohen, Schenectady, N. Y., H. L. Kirkpatrick, Wm. W. Rymer, Jr., Fish, Richardson & Neave, Boston, Mass., of counsel, for defendants.

McGARRAGHY, District Judge.

This is an action under Sec. 146, 35 United States Code, in which the plaintiff, Minnesota Mining and Manufactur-

ing Company, as assignee of Leo H. Sommer and Edward W. Pietrusza, seeks a judgment that said Sommer and Pietrusza were the first, original and joint inventors of the subject matter defined in counts 3 and 4 of an interference proceeding before the Patent Office, and that plaintiff, as assignee, is entitled to receive letters patent of the United States for said invention. These counts 3 and 4 of the interference are identical with claims 37 and 38 of an application for letters patent filed on October 22, 1947, by Sommer and Pietrusza.

The complaint further seeks a judgment that the defendant Robert H. Krieble, assignor to defendant General Electric Company, is not the first, original and sole inventor of the subject matter embraced within and defined as claims 2 and 8 of Krieble patent No. 2,524,529 issued October 3, 1950, and that said patent is invalid as to said claims.

The invention in question relates to a process for preparing certain monomeric organosilicon compounds.

The aforesaid patent issued to Robert H. Krieble was based upon an application filed *April 8, 1947*. The Sommer and Pietrusza application was filed *October 22, 1947*. Krieble was, therefore, the senior party in the interference proceeding thereafter filed before the Board of Patent Interferences.

In that proceeding, only Sommer and Pietrusza took testimony, but both parties filed briefs and were represented at final hearing. The matters to be decided were stated by the Board of Patent Interferences to be:

"(1) Whether the junior party has established an actual reduction to practice prior to Krieble's filing date, and

"(2) If not, whether the junior party (being the first to conceive) was proceeding with reasonable diligence toward a constructive reduction to practice during the critical period beginning just prior to Krieble's filing date."

The testimony before the Board established that Sommer et al. had published an article describing the invention of the counts in January, 1947, more than two months prior to Krieble's filing date. However, the Board held that if an inventor's testimony is relied upon to establish priority it must be independently corroborated as to all matters necessary to prove that issue and that, while the Sommer-Pietrusza article of January, 1947, was authentic and not disputed and affords ample basis for holding prior conception by Sommer et al. it is "merely self-serving and inadequate as corroboration on the question of reduction to practice, insofar as it was written by the inventors."

The Board further held that other testimony relied upon by Sommer et al., in respect to reduction to practice, had no significant corroborative value and that the record before the Board was substantially devoid of corroborative evidence as to diligence during the critical period. Accordingly, the Board held that Sommer et al. could not prevail on the basis of prior conception.

After the final decision on reconsideration of the Board of Patent Interferences, the plaintiff, as assignee of Sommer and Pietrusza, being "dissatisfied with the decision of the Board of Patent Interferences on the question of priority" brought this action under the provisions of Sec. 146, Title 35 U.S.Code.

In this proceeding the plaintiff, in addition to relying upon claimed priority of invention, also alleges that defendants' work was not original but that defendants derived the conception of the invention from Sommer and Pietrusza. Plaintiff also alleges that defendants were guilty of wrongful suppression of facts from the Patent Office in connection with their patent application.

The defendants deny the priority claimed by the plaintiff; also, while defendants took no testimony before the Patent Office, in this proceeding defendants introduced evidence tending to establish Krieble's prior conception and re-

duction to practice. Defendants also contend that the plaintiff's contentions regarding originality are without merit.

 Under Sec. 146, Title 35 U.S. Code, the admission of the record in the Patent Office and the further cross-examination of the witnesses under terms and conditions as the Court imposes is "without prejudice to the right of the parties to take further testimony." As pointed out in United States v. Szuecs, 100 App.D.C. 24, 25, 240 F.2d 886, 887, "When the Patent Office has decided a question of priority of invention, followed by an action under 35 U.S.C., § 146 contesting the decision, the question of priority is tried *de novo* in the District Court * * *."

 In this action, the Court received certain evidence offered by the plaintiff upon the ground that such evidence may be received which strengthens contentions already fully made and supported by testimony before the Patent Office where there has been no suppression, bad faith or gross negligence on the part of the party offering it. Shell Development Co. v. Pure Oil Co., D.C., 111 F.Supp. 197.

 In a *de novo* proceeding such as this, the Patent Office decision on priority must be accepted as controlling upon the question of fact "unless the contrary is established by testimony which in character and amount carries thorough conviction." Morgan v. Daniels, 153 U. S. 120, 125, 14 S.Ct. 772, 773, 38 L.Ed. 657.

 As applied to this case, in order to prevail on the issue of priority, the burden is on the plaintiff to establish by testimony which in character and amount carries thorough conviction, that Sommer et al. first reduced to practice the method described in the published article or first conceived and then proceeded with uninterrupted diligence to a successful reduction to practice.

The plaintiff is required to establish corroboration of all essential points by independent witnesses or other positive evidence. As stated by the Court of Appeals in Goolman v. Hobart, 31 App.D.C. 286, 292:

"Appellant is the junior applicant. The burden rests upon him to remove the presumption of prior invention that always attaches to the senior applicant. This presumption cannot be overcome by the uncorroborated evidence of the junior applicant alone. *He must be corroborated directly on all points necessary to establish priority.* * * *" (Italics supplied.)

This rule also applies to joint inventors. In Sundberg v. Schmitt, 58 App. D.C. 292, 29 F.2d 880, the Court said:

"The appellants are joint inventors. Both testified to the installation and successful use of rings in two automobile engines in 1918. Other witnesses testified to statements made at the time by these joint inventors as to the use of rings, but this, of course, was hearsay on the issue of reduction to practice. * * *

"We agree with the Patent Office that there is no corroboration of the joint inventors on the question of reduction to practice. * * *"

In Shields v. Lees, 41 App.D.C. 236, the Court held that lack of diligence on the part of a junior applicant in interference, whose conception antedated that of the senior applicant, cannot be excused on his own uncorroborated testimony, and the Court said: "* * * In the case of a junior party in an interference proceeding, his uncorroborated testimony cannot be accepted as sufficient to establish his case. * * *" The Court quoted from Goolman v. Hobart, supra, that the junior applicant "must be corroborated directly on all points necessary to establish priority." To the same effect are Podlesak v. McInnerney, 26 App.D.C. 399, and Garrels v. Freeman, 21 App.D.C. 207, in which the Court cited numerous authorities in support of this "long established rule".

 Applying these principles to the evidence introduced by the plaintiff at

the trial of this action, the Court is of the opinion that the plaintiff did not establish by independent corroboration the essential elements of plaintiff's alleged actual reduction to practice and the plaintiff has also failed to establish by independent corroboration the requisite diligence. Accordingly, the plaintiff is not entitled to prevail on the issue of priority.

██ In the trial of this action, while not abandoning the issue of priority, the plaintiff shifted the emphasis of its case from the question of priority as between two independent inventors and made originality a principal issue for decision. The thrust of the plaintiff's contention in this regard is that the defendants Krieble and General Electric had knowledge of the work of Sommer and Pietrusza in respect to the subject matter of the claims long prior to Krieble's filing date and that the defendants cannot rely on work done subsequent to receiving a disclosure of the invention from the other party.

The principal ground upon which the plaintiff alleges the defendants' work was not original but followed up the prior Sommer-Pietrusza work is evidence that on December 24, 1946, there came to the attention of the defendants a manuscript of the Sommer-Pietrusza article which was subsequently published in January, 1947, and also that defendants obtained knowledge of the work of Sommer and Pietrusza through a co-worker by the name of DiGiorgio who subsequently entered the employ of General Electric. The plaintiff says that the defendants are not entitled to a conception date earlier than April 8, 1947, which was the filing date of the Krieble application for a patent. However, in this proceeding, the defendants offered evidence from which the Court is satisfied that prior to December 24, 1946, the defendant Krieble already was in full possession of a conception and, therefore, there can be no basis for a finding of derivation with respect to the manuscript.

In attempting to establish derivation through DiGiorgio, the plaintiff infers that because DiGiorgio had intimate contacts with Sommer and Pietrusza, necessarily he knew what they were doing in regard to the invention involved in this action, and the plaintiff further claims that DiGiorgio passed on information concerning the nature of his work to the defendant company even as early as 1945.

The Court is of the opinion that the inferences and surmises relied upon by the plaintiff, in light of the defendants' testimony, are insufficient to satisfy the burden of proof which is on the plaintiff to establish lack of originality of the defendants.

In view of the conclusions stated above, it is the further conclusion of the Court that the plaintiff's charge that the defendants were guilty of wrongful suppression of facts in the affidavit under Rule 131 of the Patent Office, 35 U.S.C.A. Appendix, is not sustained.

The complaint will be dismissed and counsel for the defendants are requested to submit proposed findings of fact, conclusions of law and judgment consistent with the views herein expressed.