**AVEDIS ZILDJIAN CO., Plaintiff-Appellant,**

v.

**The FRED GRETSCH MFG. CO., Defendant-Appellee.**

**No. 96, Docket 24589.**

United States Court of Appeals
Second Circuit.

Argued Dec. 3, 1957.

Decided Jan. 17, 1958.

Harold E. Cole, Boston, Mass. (I. Walton Bader, New York City, on the brief), for plaintiff-appellant.

Leo C. Krazinski, New York City, for defendant-appellee.

Before CLARK, Chief Judge, MOORE, Circuit Judge, and SMITH, District Judge.

CLARK, Chief Judge.

Plaintiff brought this action under 15 U.S.C. § 1071 and 35 U.S.C. §§ 145, 146 to cancel defendant's trade-mark registrations. Defendant counterclaimed seeking injunctive relief and damages. The complaint and counterclaims were dismissed and both parties appeal.

The parties distribute cymbals. Plaintiff manufactures its cymbals in the United States, while defendant is the exclusive American distributor of cymbals manufactured by K. Zildjian & Co. of Constantinople, Turkey. The manufacturers in both countries are members of the Zildjian family. This name (said to mean cymbal maker) was derived from the family trade, which has been practiced since early in the seventeenth century. Each party claims that its cymbals are manufactured according to a process long kept secret by the family.

During the 1920's two branches of the Zildjian family were producing cymbals. One branch was located in Turkey, the other in Rumania. Both sold cymbals to and through defendant and authorized defendant to register in the United States various trade-marks incorporating the word "Zildjian." Defendant obtained a number of registrations pursuant to these arrangements. The cymbals of the Rumanian Zildjians proved somewhat less than perfect, however; and after the Rumanian firm of A. Zildjian & Cie was dissolved in 1926, Aram Zildjian, one of its partners, came to the United States, where he formed a partnership with his nephew, Avedis Zildjian, to manufacture cymbals. That company was plaintiff's predecessor.

Troubles ensued with two Zildjians manufacturing cymbals for distribution in the United States. Both used the name "Zildjian" to identify their products, which each claimed (and still claim) were the only cymbals made according to the ancient family process. Litigation resulted in a consent decree entered in

1929 by the United States District Court for the District of Massachusetts which adjudged that this defendant was the sole owner of trade-marks No. 228,592 ("A. Zildjian & Cie de Constantinople" with an ornate device), No. 245,846 ("Zildjian"), and No. 247,623 ("K. Zildjian Co., Constantinople" with an ornate device). Defendant had been authorized to register the first by Aram's Rumanian firm and the third by K. Zildjian & Co. of Turkey. The decree also enjoined the present plaintiff from using the names "A. Zildjian & Co." and "K. Zildjian & Co." or representing that its cymbals were made by a process similar to that used by the firm of K. Zildjian & Co., Constantinople. The present plaintiff was allowed to use as part of its business name Avedis Zildjian, Avedis A. Zildjian, or the full name of any Zildjian associated with it as long as its cymbals were prominently stamped "Made in the U. S. A." In addition, the decree provided that if any of the defendant's marks were cancelled, plaintiff could adopt and use them.

That decree has not brought peace. Over the years the parties have been involved in various legal proceedings relating to the use of the name "Zildjian," alone or in combination, to identify their products. The latest is this proceeding to cancel defendant's marks. Plaintiff was successful before the Commissioner of Patents in obtaining the cancellation of mark No. 228,592 ("A. Zildjian & Cie de Constantinople" with an ornate device) on the grounds of abandonment. See 15 U.S.C. § 1064. It was unsuccessful, however, in having the other two marks cancelled, and subsequently, to no avail, brought this action for that purpose. It urged four grounds for cancellation, which it renews here, viz.: (1) defendant never owned the trade-marks and therefore could not register them; (2) defendant has abandoned the trademarks; (3) defendant fraudulently obtained renewal of the marks by falsely swearing that they were still in use; and (4) the trade-mark "Zildjian" has become a grade mark.

Plaintiff argues that defendant was never the owner of the marks, but merely an importer of a product bearing the trade-marks and, under recent decisions of the Assistant Commissioner of Patents, had no standing to register them. It also contends that defendant fraudulently obtained trade-mark No. 245,846 ("Zildjian") by falsely swearing at the time of its application to register that mark that it was the owner of trade-mark No. 228,592 ("A. Zildjian & Cie de Constantinople" with an ornate device) since cancelled, when in fact its interest in the latter mark ceased upon the dissolution of Aram's Rumanian firm. But these grounds are foreclosed by the 1929 decree which adjudged that defendant was the sole and exclusive owner of the marks and possessed all the rights secured by their registration. After nearly twenty years only extraordinary circumstances would allow that decree to be attacked collaterally. And plaintiff makes no showing that all these facts were not before the Massachusetts court. Moreover, defendant was and is the exclusive United States distributor for cymbals manufactured by K. Zildjian & Co. of Constantinople and was assigned, together with the good will of that company in the United States, the right to register and use in the United States the K. Zildjian & Co. trade-mark. In addition, defendant undertook to promote the sale of K. Zildjian cymbals throughout Canada and the United States and to prosecute actions for trade-mark infringements. Under the Trade-Mark Act of 1905, 33 Stat. 724, these facts were sufficient to constitute defendant as "owner" for purposes of registration. A. Bourjois & Co. v. Katzel, 260 U.S. 689, 43 S.Ct. 244, 67 L.Ed. 464, 26 A.L.R. 567; Scandinavia Belting Co. v. Asbestos & Rubber Works of America, 2 Cir., 257 F. 937, certiorari denied 250 U.S. 644, 39 S.Ct. 494, 63 L.Ed. 1186. They are also sufficient under the 1946 Act, 15 U.S.C. § 1051. See Roger & Gallet v. Janmarie, Inc., Cust. & Pat.App., 245 F.2d 505; E. Leitz, Inc., v. Watson, D.C.D.C., 152 F. Supp. 631, both reversing the Assistant

Commissioner's recent decisions to the contrary.

Plaintiff's grounds (2) and (3) rely on defendant's alleged abandonment of the marks since 1929. Under § 14(c) of the 1946 Act, 15 U.S.C. § 1064(c), a trade-mark may be cancelled if it has been abandoned. The Examiner of Interferences, who originally investigated plaintiff's claim, found that defendant's mark No. 245,846 ("Zildjian") had been in continuous use since 1929. He also found that defendant has used the "K. Zildjian" portion of the other mark continuously since the date of the decree, but had discontinued part of the pictorial design included in that mark. The lower court accepted these findings, and plaintiff does not seriously contest them. D.C.E.D.N.Y., 147 F.Supp. 614. Obviously, therefore, defendant has not abandoned the "Zildjian" mark. And in the case of the other mark, No. 247,623, we agree with the Examiner of Interferences and the Examiner in Chief that plaintiff has no standing to seek cancellation because it has no right to use the name "K. Zildjian" or the pictorial matter shown in that registration. See Goheen Corp. v. White Co., 126 F.2d 481, 29 C.C.P.A., Patents, 926.

Plaintiff's ground (4) is based upon its contention that the word "Zildjian" is used by persons in the music world to mean a certain grade or quality of cymbal made by it and defendant. The argument runs that "Zildjian" does not identify defendant's product, because it can refer to either party's cymbals and thus the mark has become the generic name of a product sold by two manufacturers. The lower court dismissed this contention for lack of proof, D.C. E.D.N.Y., 147 F.Supp. 614; and investigation of the record shows no independent testimony that "Zildjian" is a generic name. Plaintiff could point only to advertising of defendant which stresses that K. Zildjian cymbals are "The Original, the Genuine Zildjian Turkish Cymbals" and "The Only Genuine Zildjian Cymbals." This advertising is understandable in the light of the similarities in name between plaintiff and defendant, both of whom claim that it alone produces cymbals according to the ancient secret process of the Zildjian family. It hardly evidences defendant's acquiescence in the use of its trade-mark as a generic name. Plaintiff's evidence supporting its argument was too insubstantial to warrant a finding in its favor. The complaint properly was dismissed on the merits.

Defendant interposed two counterclaims which were pleaded in a very confusing manner. One seems to be directed at plaintiff's alleged acts of unfair competition and violations of the 1929 decree, the other at plaintiff's alleged fraudulent registration of certain trade-marks in Canada. Although there seems to be some inconsistency between the judgment and certain statements in the opinion below, the judgment clearly indicates that the district court dismissed the first counterclaim with prejudice and the second counterclaim without prejudice to its renewal. Both dismissals are based on defendant's failure to prove its allegations.

We may examine defendant's demands for relief to ascertain the merits of its appeal from these dismissals. First it demands that plaintiff be enjoined from selling or advertising cymbals bearing the word "Zildjian" or "A. Zildjian" or any marks confusingly similar to defendant's which tend to divert business from defendant. Further it demands damages for plaintiff's alleged infringements and unfair competition by use of these marks. Obviously the existence of two competitors both distributing an identical product under practically identical names is going to engender a certain amount of confusion among consumers. But under the 1929 decree both parties are legally entitled to use the similar names; and upsetting the status quo which has existed for nearly twenty years would only unfairly deprive one or the other of the parties of a profitable business. There was no evidence that plaintiff advertised or sold its cymbals under the name "Zildjian" or "A. Zild-

jian." Nor was there any evidence that plaintiff attempted to palm off its products as defendant's. These claims, therefore, properly were dismissed with prejudice.

 Second, defendant demands that plaintiff be required to use the full first name, and not an initial, before the surname "Zildjian" and to remove from its cymbals the notation "Genuine Turkish Cymbals" and to enlarge the notation "Made in the U. S. A." The record does not support defendant's contention that plaintiff uses "Zildjian" without a full first name. The fact that some of plaintiff's customers referred to plaintiff's cymbals as "A. Zildjian cymbals" is not enough to show that plaintiff either advertised or sold its wares with that mark. Moreover, defendant's mark No. 228,592 ("A. Zildjian & Cie de Constantinople" with an ornate device) has been cancelled; and under the 1929 decree plaintiff may now use that mark. In regard to the notations "Genuine Turkish Cymbals" and "Made in the U. S. A.," the Examiner of Interferences said that the legend "correctly implies that the petitioner's cymbals are of the Turkish type." The lower court denied defendant relief on the grounds that it failed to prove that the legend was improper, and dismissed this demand with prejudice. D.C.E.D.N.Y., 147 F.Supp. 614. We agree with that determination.

Defendant amended its first counterclaim to allege that plaintiff advertised its cymbals in contravention of the 1929 decree which enjoins plaintiff from advertising that it makes "cymbals by a process the same as or similar to that used by the present firm of K. Zildjian & Co., Constantinople." Defendant also demanded that plaintiff be held in contempt and ordered to comply with the 1929 decree. The record does not support the allegations. Defendant shows no instances where plaintiff has advertised that its cymbals are made according to the process used by K. Zildjian & Co. Plaintiff has advertised that its cymbals are made according to an ancient process handed down in the Zild-

jian family. But this does not appear to contravene the 1929 decree which precluded plaintiff from identifying its cymbals as K. Zildjian cymbals manufactured in Turkey. Defendant stresses that it alone possesses this ancient secret process and hence that plaintiff in its advertising actually refers to K. Zildjian & Co.'s process. But the proof on this issue was inconclusive, and defendant's claim properly was dismissed with prejudice.

 Defendant's last demand (the subject of its second counterclaim) related to alleged trade-mark registrations in Canada. It failed to adduce any proof concerning this claim. A dismissal which reserves the claim for possible future litigation was within the discretion of the district court.

Judgment affirmed.