Application of WILSON JONES COMPANY.

Patent Appeal No. 7213.

United States Court of Customs and Patent Appeals.

Nov. 5, 1964.

I. Walton Bader, New York City, for appellant.

Clarence W. Moore, Washington, D. C. (George C. Roeming, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND,

Judges, and Judge WILLIAM H. KIRK-PATRICK.*

SMITH, Judge.

On April 13, 1960, appellant filed applications for registration of two marks on the Principal Register: GRAY LINE SNAP-A-WAY SPEED LETTERS (Serial No. 95,028), in the particular configuration reproduced in the margin,[1] and SPEED MESSAGE (Serial No. 95,027), both for "Letter Forms for Rapid Correspondence." The examiner, sustained by the Trademark Trial and Appeal Board (see 137 USPQ 910), held that section 2(d) of the Trademark Act of 1946 (15 U.S.C. § 1052) precluded registration of either mark, citing as a reference a registration of the mark "SPEED-LETTER," in the configuration shown below,[2] for "Stationery—Namely, Inter-Office Letters Sets." This appeal followed.

In this proceeding we are required only to decide whether appellant's marks so resemble the reference mark as to be likely, when applied to appellant's goods, to cause confusion, mistake or deception.

■ The board held, and we agree, that the goods mentioned in the reference registration and those of appellant are competitive in character. The board further stated:

"With regard to the marks, the term 'SPEED LETTERS', which constitutes an essential, and is visually the most prominent, feature of applicant's composite mark, is identical to the mark of the registrant, and applicant's mark

'SPEED MESSAGE' conveys substantially the same commercial impression. Under these circumstances, it is our considered opinion that the contemporaneous use of these marks for the specified goods would be quite likely to cause confusion or mistake or deception of purchasers."

We would qualify this statement only by pointing out that the mark SPEED LETTERS is not *identical* with the reference mark, since the reference mark is in the singular and incorporates the lightning flash design as shown in footnote 2, supra. Otherwise, we are in full agreement. When appellant's marks and the reference mark are considered as entities, there are obviously specific differences. However, the essential similarities between them and the reference mark are easily their most significant features. We think these similarities are such that the ordinary purchaser would be likely to be confused as to the source or origin of the goods on which the marks are used.

■ Appellant asserts that there is presently in effect a license agreement with the owner of the reference mark, under which agreement appellant is entitled to use the mark SPEED LETTER for letter forms for rapid correspondence. In its brief, appellant argues:

"* * * it is significant that the owner of the reference mark was willing to permit use of the words 'SPEED LETTER' to applicant indicating that at least the owner of the reference mark did not believe that simultaneous use of both marks

---

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of Section 294(d), Title 28, United States Code.

[1] 

| Gray Line | Snap·A·Way

SPEED LETTERS

[2] 

SPEED·LETTER

Registration No. 619,086, January 10, 1956, which was granted on application Serial No. 652,963, filed September 9, 1953 by the McBee Company and subsequently assigned to the Royal McBee Corporation.

on the goods involved would lead to any confusion."

However, the appellant expressly concedes that the license agreement did not constitute a consent to register.

While we have held that an agreement by the owner of a reference registration giving express consent to *register* should have an important persuasive effect in determining registrability, see In re National Distillers Products Corp., 297 F.2d 941, 49 CCPA 854, that situation is not here. The agreement here conveys only the right to *use* the *reference* mark. We do not see that this agreement supports the inference that the owner of the reference thought confusion between the marks *sought to be registered* and the *reference* mark to be unlikely. Morover, we do not feel that the inference, even if correct, is persuasive.

The decision of the board is affirmed.

Affirmed.