55 CCPA

## Application of AVEDIS ZILDJIAN CO.

### Patent Appeal No. 7834.

United States Court of Customs
and Patent Appeals.

May 16, 1968.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

Harold E. Cole, Boston, Mass., for appellant.

Joseph Schimmel, Washington, D. C. (George C. Roeming, Joseph Nakamura, Washington, D. C., of counsel), for the Commissioner of Patents.

Before WORLEY, Chief Judge, and Judges RICH, SMITH, ALMOND, and KIRKPATRICK.*

KIRKPATRICK, Judge.

This is an appeal by Avedis Zildjian Co. from the decision of the Trademark Trial and Appeal Board[1] affirming the examiner's decision, refusing registration of the trademark A. ZILDJIAN &

1. In re Avedis Zildjian Co., 147 USPQ 82 (TTAB 1965).

CIE. with designs and lettering as appears below:

The mark sought is for cymbals and was refused registration by the examiner and the board on the ground of likelihood of confusion with two registrations held by the Fred Gretsch Manufacturing Co. for the same goods: ZILDJIAN (No. 245,846) and K. ZILDJIAN CO. with designs and lettering as appear below:

Appellant and the Fred Gretsch Manufacturing Co., hereafter designated Gretsch, have sold domestic made cymbals and foreign made cymbals respectively since about 1928.

On September 19, 1929, in an action between appellant and Gretsch a consent decree[2] was entered which provided, inter alia, that (1) Gretsch was the owner of all three marks noted above, (2) the appellant could use the surname Zildjian on cymbals provided it was always preceded by the full first name of any Zildjian associated with the appellant and the words "made in U.S.A." were prominently stamped on the cymbals, (3) the appellant would not use the name "A. Zildjian & Co." or "K. Zildjian & Co.", and (4) in the event any of the three registrations were cancelled, then the appellant could use any of the names or designs so registered. This consent decree is still in force.

Appellant has hitherto sought to cancel registrations of all three of those marks owned by Gretsch but has succeeded only in having cancelled (due to abandonment) the registration of the mark which, with a minor modification, is sought to be registered here. 97 USPQ 41 (Patent Office Examiner-in-Chief 1953); 147 F.Supp. 614 (E.D. N.Y.1956); 251 F.2d 530 (2d Cir. 1958).

An application by appellant to register the cancelled mark was similarly rejected by the Trademark Trial and Appeal Board in 1959 on the ground of likelihood of confusion. In re Avedis Zildjian Co., 120 USPQ 493 (TT&AB 1959). Appellant contends, however, that the law has changed since that rejection, citing In re National Distillers and Chemical Corp. (MERITO) 297 F.2d 941, 49 CCPA 854 (1962), and In re Electro-Vox, Inc., 134 USPQ 463 (TT&AB 1962). It is appellant's contention that these cases stand for the proposition that consent of a registrant arising from a consent decree demonstrates that there is no likelihood of confusion.

2. The Fred Gretsch Manufacturing Co. v. Aram Zildjian et al., Equity No. 3089 (D.C.Mass. 1929).

■ We think, however, that the following[3] is an accurate summary of this court's views as expressed in former opinions.

> However, the interests of the public may not be ignored; and when it appears that the goods are so nearly related that their sale under identical trade marks would be likely to confuse the public or to deceive purchasers, registration must be denied notwithstanding the owner's consent.

See also In re Wilson Jones Company, 337 F.2d 670, 52 CCPA 805, in which this court pointed out the difference in the effect of a consent to *register* and a consent to *use*.

■ We agree with the above statement and also with the finding of the board that there is no reasonable doubt that the mark sought to be registered is likely to cause confusion. It follows that the decision of the board will be affirmed.

Affirmed.

SMITH, Judge (concurring).

The issue here turns on the legal effect, if any, to be accorded appellant's alleged right to use the trademark in issue by reason of a "Final Decree by Consent" dated September 19, 1929 in an action [1] in the U. S. District Court for the District of Massachusetts entitled:

THE FRED. GRETSCH MFG. CO.,
Plaintiff.

vs.

ARAM ZILDJIAN, ARMAND ZILD-JIAN and P. ZILDJIAN, co-partners, doing business under the name of A. ZILDJIAN & CO.,

Defendants.

Where a right to use a trademark arises from a court decree, that right must be recognized. Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc., 293 F.2d 685, 49 CCPA 730 (1961). However, before a right to use can be predicated on a court decree, it is necessary to show identity of the parties or to establish privity such that the party asserting the right is clearly entitled to exercise the rights granted therein. Appellant's case fails at this point. I am unwilling to *assume* that the present record establishes identity of appellant and the defendants named in the decree of September 19, 1929 or any showing of privity between them.

The consent decree to which the majority opinion and Judge Rich's dissent refer was entered in an action in which the parties defendant were *three individuals*, "Aram Zildjian, Armand Zildjian and P. Zildjian" designated as "co-partners, doing business under the name of A. Zildjian & Co." The appellant here is designated in the application as "Avedis Zildjian & Co., a corporation duly organized under the laws of the Commonwealth of Massachusetts." The declaration accompanying the application is signed by one "Avedis Zildjian" as president of that corporation.

The present factual situation underscores the necessity for requiring proof of identity or privity of the parties when such a "right" is asserted. If we pass this issue, as the majority opinion and

---

3. Assistant Commissioner Frazer in George A. Breon & Co., Inc. v. Abraham Aronovic, 33 USPQ 390 (1939).

1. The present appeal appears to be but another skirmish in the protracted litigation involving the name "Zildjian" in connection with trademarks on cymbals. The background and some of the history which underlies the present appeal will be found in the following reported decisions:

> Avedis Zildjian Co. v. Fred Gretsch Mfg. Co., 251 F.2d 530, (2d Cir. 1958),

> affirming Avedis Zildjian Co. v. Fred Gretsch Mfg. Co., 147 F.Supp. 614, (E.D.N.Y.1956);
> In re Avedis Zildjian Co., 120 USPQ 493 (TTAB 1959);
> Ex parte Avedis Zildjian Co., 117 USPQ 301 (Comm.Pat.1958);
> Ex parte Avedis Zildjian Co., 115 USPQ 98 (Comm.Pat.1957);
> Avedis Zildjian Co. v. Fred Gretsch Mfg. Co., 97 USPQ 41 (P.O.Exr. in Ch. 1953).

the dissent of Judge Rich do, further questions are presented, i. e., what is the extent of the rights granted? And are those rights assignable? It is a novel and unsupportable proposition that such questions affecting "rights" arising from a decree in inter-partes litigation between apparent strangers to this record are determinable on a record made in an ex parte proceeding such as the present in which *none of the parties to that decree* is present or represented.

I would, therefore, refuse registration of the mark for the reasons here stated.

RICH, Judge (dissenting).

I disagree with the majority's suggestion that the public interest demands denial of this registration. It is, I think, a self-evident proposition that confusion, mistake, or deception will not follow the registration of a trademark by its owner. In re National Distillers and Chemical Corp., 297 F.2d 941, 948, 49 CCPA 854, 862 (1962) (concurring). In this case appellant appears to have an undisputed, judicially sanctioned, right to use "A. Zildjian & Cie" as a trademark. It has become clear to me that in cases of this particular kind, at least, registration should not be denied. Cf. Alfred Dunhill of London, Inc. v. Dunhill Tailored Clothes, Inc., 293 F.2d 685, 49 CCPA 730 (1961).

Nor is it a forceful rebuttal, in my opinion, to point with uncritical reverence to the literal wording of section 2(d). "A restrictive meaning for what appear to be plain words may be indicated by the Act as a whole, [or] by the persuasive gloss of legislative history * * *." United States v. Witkovich, 353 U.S. 194, 199, 77 S.Ct. 779, 782, 1 L.Ed.2d 765 (1957) (Frankfurter, J.). In my concurring opinion in *National Distillers,* I tried to show that neither a consideration of the Lanham Act as a whole nor an analysis of its legislative history could justify a literal reading of section 2(d). I can only add that the weight of subsequent scholarly comment has been overwhelmingly in favor of conforming the register with the marketplace. See R. Callmann, Trademarks: The Right To Use vs. The Right To Register: The Dunhill Case, 51 T.M.R. 1209 (1961); J. Lunsford, The Right To Use and The Right To Register—The Trade-Mark Anomaly, 43 T.M.R. 1 (1953); D. Robert, Commentary on the Lanham Trademark Act, 15 U.S.C.A. at 265, 271–72 (1948); D. Robert, The New Trademark Manual 53, 201 (1947); E. Vandenburgh, Concurrent Registration of Trade-Marks, 29 JPOS 720 (1947); M. Jenney, A Plea for Realism in Trade-Mark Oppositions, 29 JPOS 668 (1947). Where the right to use a trademark is undisputed, I think it should be registered.

I would reverse.