**SWANK, INC., Appellant,**

v.

**RAVEL PERFUME CORP. d.b.a. Ravel N.Y., Appellee.**

**Patent Appeal No. 8462.**

United States Court of Customs and Patent Appeals.

Feb. 25, 1971.

Lane, J., concurred and filed opinion.

William R. Liberman, New York City, attorney of record, for appellant.

Martin J. Forgang, New York City, for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and FORD, Judge, United States Customs Court, sitting by designation.

ALMOND, Judge.

Swank, Inc., appeals from the decision of the Trademark Trial and Appeal Board, 158 USPQ 660, dismissing the opposition to registration of appellee's trademark "GREEN JADE," used in connection with men's toiletries. Upon

consideration of the record, the cases cited and argument of counsel, we affirm.

The record reveals that on October 1, 1965, appellee, Ravel Perfume Corp., filed application to register "GREEN JADE" for skin moisturizers, after shaving lotions, beard softeners, hair tonics, hair dressings, shaving creams, colognes and toilet waters. It was alleged that the mark had been used since September 1, 1965.

Appellant is the registrant of "JADE EAST" for men's toiletries, including cologne, after-shave lotion, deodorant, toilet soap, talcum powder and shaving cream.[1] Grounds of opposition were predicated on likelihood to cause confusion, or to cause mistake, or to deceive (15 U.S.C. § 1052(d)).

The board found from the testimony and documentary exhibits submitted by appellant that since as early as July 1963 it had continuously used the mark JADE EAST for a varied line of men's toiletries marketed by it throughout the United States, with sales in excess of $53,000,000 and advertising at a cost in excess of $3,600,000.

The record also reveals that appellee has used the mark GREEN JADE since September 1, 1965 for a line of men's toiletries, including cologne and toilet water, which are marketed through premium jobbers to industrial plants and distributed as gifts to their employees and customers.

During the pendency of the ex parte prosecution of appellee's application, appellant instituted a civil action in the United States District Court for the Southern District of New York for infringement of its trademark JADE EAST and for unfair competition. During the course of this action, it was agreed between the parties that appellee could use its trademark GREEN JADE if it would change the labeling and packaging of the toiletries upon which the mark is affixed. As a result of this agreement, a consent judgment was entered requiring, among other things, that the defendant (appellee), within designated periods of time, "destroy or cause to be destroyed all present labels and wrappings * * * formerly utilized by it in connection with the sale of the Green Jade toiletry products"; that it prepare and submit to plaintiff (appellant) "new packaging and labeling which shall satisfactorily distinguish the toiletries sold under the brand Green Jade from that sold by plaintiff under the brand Jade East"; and that it discontinue the sale of "Green Jade toiletries in the packaging and with the label formerly sold by it."

The record supports the finding of the board that appellee has fully complied with the terms of the District Court's judgment. It filed a substitute drawing in its application showing its mark GREEN JADE in block type print, and it has since continued to use this mark in connection with the sale of men's toiletries.

It was appellee's contention below, and in essence here, that the marks GREEN JADE and JADE EAST are not confusingly similar, and that by virtue of the consent decree in the civil action appellant is estopped from asserting that the marks are confusingly similar. While conceding appellee's right to use the instant mark, appellant contends that the right to use does not confer the right to register and consequently its acquiescence in the terms and conditions of the consent judgment bears no relevancy to the right to register the mark.

While not ipso facto controlling, the facts and circumstances ensuing from the consent judgment do, in our opinion, have evidentiary value and are materially relevant to the determination of the issue of likelihood of confusion. Considering the marks GREEN JADE and JADE EAST in their entireties, we agree with the board that they are significantly different in sound, meaning,

1. Reg. Nos. 784,934 issued February 9, 1965; 790,473 issued June 1, 1965; and 791,153 issued June 15, 1965.

and appearance, and that such differences render them unlikely to cause confusion, or to cause mistake, or to deceive.

■ We think that this conclusion is supported by the fact that appellant consented to appellee's use of the mark GREEN JADE after having alleged in the civil action that the use of that mark would be likely to cause confusion. We also think the facts and circumstances of record render tenable the application of the equitable principles of section 19 of the Trademark Act (15 U.S.C. § 1069).[2] Where the competing marks are identical or are closely similar, the equitable principles defined by section 19 have been held not to be applicable inasmuch as the public interest is the dominant consideration. In re Avedis Zildjian Co., 394 F.2d 860, 55 CCPA 1126 (1968); In re Continental Baking Co., 390 F.2d 747, 55 CCPA 967 (1968). On the other hand, where, as here, the marks are so different that there is no likelihood of confusion, it is proper to invoke the equitable principles defined in section 19. Accordingly, the board found, and we agree, that:

> In the present case, "GREEN JADE" and "JADE EAST" do not look alike, they differ substantially in sound, and the meanings thereof are not the same. And, on the record presented in this case, we agree with applicant that opposer is estopped here to contend that the contemporaneous use of the marks would be likely to cause confusion or mistake or to deceive, or that it would be damaged by the registration of "GREEN JADE" by applicant.

The decision of the board is affirmed.

Affirmed.

LANE, Judge (concurring).

I agree that there is no likelihood of confusion between "Green Jade" and "Jade East," but I do not agree that appellant-opposer should be *estopped* by its consent to a judgment permitting *use* by appellee of the mark sought to be registered. Such consent and the judgment based thereon have nothing whatever, either in logic or practicality, to do with the question of *exclusive* rights in appellee which are obtained prima facie by a Federal registration. In deciding the estoppel question, which is wholly unnecessary to the disposition of this appeal, the majority opinion reaches a conclusion which will tend to discourage settlements and tend to encourage litigation in situations where the parties, but for this court's decision, could agree to peaceful co-existence. In such situations the defendants might never apply for Federal registrations, and hence the issues involved in registering would never have to be fought out.

An estoppel holding gives *conclusive* weight to whatever evidentiary value is inherent in appellant's consent to the District Court judgment. I would affirm solely on the ground of absence of likelihood of confusion.

---

2. Section 19 provides in part:
    In all inter partes proceedings equitable principles of laches, estoppel, and acquiescence, where applicable, may be considered and applied.