108 F.3d 1393
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ronda AG (Ronda S.A.) (Ronda Ltd.), Appellant,
v.
HARLEY-DAVIDSON, INC., Appellee.
 No. 96-1297.
 United States Court of Appeals, Federal Circuit.
 Feb. 27, 1997.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Ronda AG (Ronda), also known abroad as Ronda S.A. and Ronda Ltd., appeals from the decision of the Trademark Trial and Appeal Board (Board) granting summary judgment to the cancellation petitioner Harley-Davidson, Inc. (H-D) based on likelihood of confusion between H-D's registered trademarks HARLEY-DAVIDSON and HARLEY and Ronda's HARLEY mark registered on the Supplemental Register. We affirm because the Board correctly decided the likelihood of confusion issue and because Ronda failed to raise a genuine issue of material fact with respect to its laches defense.
 
 
 2
 * Ronda is the owner of the mark HARLEY, registered on the Supplemental Register on June 1, 1982, for mechanical and quartz watches, mechanical and quartz movements, and watch parts in International Class 14. First use of the mark allegedly occurred in the United States as early as June 5, 1980.
 
 
 3
 H-D is the owner of the mark HARLEY-DAVIDSON and owns several registrations of the mark for, inter alia, jewelry, watches, clothing, and motorcycles. H-D is also the owner of the mark HARLEY for clothing and motorcycles. H-D's registrations on jewelry and clothing pre-date that of Ronda's, although H-D's registration on watches per se is later than that of Ronda's.
 
 
 4
 H-D commenced this action by filing a petition with the Patent and Trademark Office on May 22, 1990, to cancel Ronda's registration of the mark HARLEY on the grounds of priority of use and likelihood of confusion. After some initial discovery, H-D filed a motion for summary judgment on the priority and likelihood of confusion issues. In response, Ronda raised the affirmative defense of laches, arguing that H-D unduly delayed in bringing the petition to cancel and Ronda was prejudiced by the delay. It is undisputed that H-D knew of Ronda's HARLEY trademark registration as early as October 1985. Ronda also filed a cross-motion for summary judgment on the laches issue.
 
 
 5
 On August 10, 1995, the Board issued an order granting summary judgment to H-D on the grounds of priority of use, likelihood of confusion, and insufficient showing of laches by Ronda. As a result, the Board granted H-D's petition to cancel Ronda's HARLEY mark. The Board denied Ronda's cross-motion on the laches issue, ruling that Ronda failed to carry its burden of showing prejudice resulting from H-D's delay of four-and-a-half years.
 
 II
 
 6
 Proceedings before the Board are governed by Federal Rules of Civil Procedure, and the Board may grant summary judgment when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. National Cable Television Ass'n, Inc. v. American Cinema Editors, Inc., 937 F.2d 1572, 1576, 19 USPQ2d 1424, 1427 (Fed.Cir.1991). We review the Board's grant of summary judgment de novo. Id.
 
 III
 
 7
 Ronda raises two issues on appeal: (1) whether summary judgment was properly granted on the priority and the likelihood of confusion issues and (2) whether summary judgment was properly granted to H-D on the laches issue. We agree with the Board's analysis and conclusion on the first issue and summarily note that: (a) H-D used the HARLEY-DAVIDSON mark on jewelry and clothing items substantially before Ronda's first use of August 23, 1979; (b) HARLEY-DAVIDSON is a well-known and famous trademark; (c) the term HARLEY is the dominant portion of the mark HARLEY-DAVIDSON, as evidenced by third party use, as well as by H-D's own advertising; (d) watches (Ronda's goods) and jewelry and clothing items (H-D's goods) are related goods; and (e) while evidence of actual confusion is a factor in establishing a likelihood of confusion, the absence thereof is not determinative. We turn to the laches issue.
 
 IV
 
 8
 As the Board correctly noted, 15 U.S.C. § 1069 (1994) provides that laches may be considered and applied in all inter partes proceedings. For Ronda to prevail on the defense of laches, it must show: (a) H-D unduly delayed in asserting rights against Ronda, and (b) Ronda suffered prejudice resulting from H-D's delay. See National Cable Television, 937 F.2d at 1580, 19 USPQ2d at 1431. It is undisputed that H-D became aware of Ronda's registration at least as early as October 1985 and did not take any action until May 1990 when H-D commenced this action.
 
 
 9
 Ronda argues that the Board erroneously assigned the burden of showing no genuine issues of material fact on Ronda, rather than on the summary judgment movant H-D. While it is unclear from the Board's decision as to whom the Board assigned the burden, we review the Board's grant of summary judgment de novo. Because we agree, on our de novo review, with the Board's conclusion on the laches issue as discussed below, to the extent the Board assigned the burden on the nonmovant Ronda, it was harmless. See Union Carbide Corp. v. American Can Co., 724 F.2d 1567, 1573, 220 USPQ 584, 589 (Fed.Cir.1984) (appellant must show not only that the lower tribunal engaged in a faulty analysis, but also that the correct analysis would bring a different result).
 
 
 10
 To show prejudice, Ronda submitted a declaration by Mr. Paul Sutter, who had been the General Manager of Ronda in New York for 14 years. Mr. Sutter's declaration, inter alia, states:
 
 
 11
 8. Use of the mark HARLEY by Ronda S.A. since 1980 in the United States has been on watch parts and movements and watches.
 
 
 12
 9. The mark was last used on assembled watches in 1989. We intend to resume use [sic] the mark on assembled watches though we are currently not selling assembled watches.
 
 
 13
 ....
 
 
 14
 11.... We invest in advertising and promotions of the HARLEY brand in the USA every year. The HARLEY brand is an important and valuable asset of our company. HARLEY is responsible for millions of dollars of Ronda's sales. Loss of the HARLEY brand or registration would greatly damage Ronda's business. We have continually nurtured this brand. Its value to the company has increased each year.
 
 
 15
 This declaration, which is the only evidence submitted by Ronda to show prejudice, fails to create a genuine issue of material fact to preclude grant of summary judgment in favor of H-D. To defeat a motion for summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Laches is an affirmative defense on which Ronda bears the burden of proof. To defeat H-D's motion for summary judgment based on the laches defense, Ronda must point to "specific facts showing that there is a genuine issue for trial." See id. at 324 (quoting Fed.R.Civ.P. 56(e)). Mere denials or conclusory statements do not raise a genuine issue of material fact. Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd., 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed.Cir.1984).
 
 
 16
 Mr. Sutter's declaration essentially shows that Ronda conducted business as usual during the four-and-a-half-year period in question. The only statements that relate to prejudice were: that Ronda advertises and promotes the HARLEY brand every year; that the HARLEY brand is an important and valuable asset of Ronda; that HARLEY is responsible for millions of dollars of Ronda's sales; that loss of the HARLEY registration would greatly damage Ronda's business; that Ronda has continually nurtured the HARLEY brand; and that the value of the HARLEY brand has increased each year. These statements are mere conclusory statements with no supporting documents. See Sweats Fashions, Inc. v. Pannill Knitting Co., 833 F.2d 1560, 1564, 4 USPQ2d 1793, 1797 (Fed.Cir.1987) ("Mere conclusory statements and denials do not take on dignity by placing them in affidavit form."). In fact, one of the few specific statements made by Mr. Sutter acknowledges that Ronda stopped using the HARLEY mark on assembled watches in 1989, and thus, if anything, Ronda's use of the HARLEY mark diminished during the period at issue.
 
 
 17
 We are mindful of the statement our predecessor court made in Ralston Purina Co. v. Midwest Cordage Co., 373 F.2d 1015, 1019, 153 USPQ 73, 76 (CCPA 1967) (emphasis added):
 
 
 18
 It is probably true that long acquiescence in the use of a trademark by a successful business, even without expansion of trade, may provide a basis for a valid inference of prejudice. [citation omitted] Logically, we suppose, it must be admitted that each day sees some incremental aggrandizement of good will--each advertising dollar expended adds in some sense to registrant's equity. But a minimal equity thus acquired over such a short period of time as six months has never been enough to overturn another's rights in a trademark. Some substantial prejudice has always been required.
 
 
 19
 We agree with the above statement to the extent that the laches defense may be available in instances where a successful but nonexpanding business uses a trademark for a substantial period of time and continues to nurture the mark through advertising. This case, however, is not such a case. First, business as usual over four-and-a-half years is not for such a long period so as to demonstrate incrementally acquired prejudice per se, and accordingly, a separate showing of prejudice is required. Mr. Sutter's declaration does not present evidence of increased sales, promotional expenditures or substantial growth in trade. The declaration showing business as usual thus fails to raise a genuine issue of material fact as to prejudice. See Ralston Purina, 373 F.2d at 1019, 153 USPQ at 76 (no laches where evidence of promotional expenditure was not submitted and sales data did not show any substantial growth of trade during the period at issue); see also Meyers v. Asics Corp., 974 F.2d 1304, 1308, 24 USPQ2d 1036, 1038 (Fed.Cir.1992) (party raising the laches defense not only must show an economic detriment, but also must show that the detriment was caused by the delay); A.C. Aukerman Co. v. R.L. Chaides Constr. Co., 960 F.2d 1020, 1033, 22 USPQ2d 1321, 1329 (Fed.Cir.1992) (in banc) ("The courts must look for a change in the economic position of the alleged infringer during the period of delay."); cf. Georgia-Pacific Corp. v. Great Plains Bag Co., 614 F.2d 757, 763, 204 USPQ 697, 702 (CCPA 1980) (laches found where sales of the goods under the logo in question had grown from $372,000 to about $28,000,000 during a 12-year delay period).[1]
 
 V
 
 20
 The Board's grant of summary judgment to Harley-Davidson is hereby affirmed.
 
 
 
 [1]
 Because we decide that Ronda failed to raise a genuine issue of material fact with respect to the prejudice element, we do not address H-D's argument that laches is unavailable to Ronda because the laches defense can be considered in cancellation proceedings only if reasonable doubt exists as to likelihood of confusion. See Ultra-White Co. v. Johnson Chem. Indus., Inc., 465 F.2d 891, 893, 175 USPQ 166, 167 (CCPA 1972) (evidence of laches may be considered only in cases where likelihood of confusion is reasonably in doubt); Swank, Inc. v. Ravel Perfume Corp., 438 F.2d 622, 624, 168 USPQ 723, 725 (CCPA 1971) ("Where the competing marks are identical or are closely similar, the equitable principles defined by section 19 have been held not to be applicable inasmuch as the public interest is the dominant consideration."). We also need not decide whether the four-and-a-half-year delay in this case constitutes undue delay